IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LEE EDWARD JONES,**
    Plaintiff,

vs.                              Case No.: 5:07cv278/RS/MD

**SGT. JOHN CORLEY, et al.**
    Defendants.
_____

## REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* (doc. 10), and has paid the initial partial filing fee (doc. 11). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

      Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is currently incarcerated at the Bay County Jail, awaiting trial on three counts of possession of a sexual performance of a child (doc. 1, p. 6B ¶ 4). His complaint names three defendants: Bay County Sheriff's Office Investigators Sergeant John Corley and Jeremy Mathis, and Assistant State Attorney Shalla Phelps (*id.*, p. 2). Plaintiff claims his Fifth and Fourteenth Amendment rights were violated when Corley and Mathis obtained incriminating statements from him in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and when they coerced him into signing a voluntary consent to search his computer, resulting in the seizure of incriminating evidence. As relief, he seeks discharge of the pending criminal charges, an explanation of why his *Miranda* rights were violated, and "$1.2 million dollars for pain & suffering or any other compensatory damages afforded for this action" (*id.*, p. 10).

Plaintiff's claims for injunctive relief must be dismissed. In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that

concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982); *see also Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). In the instant case, the allegations of the complaint establish that each of the requirements of *Younger* is satisfied. Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that plaintiff must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. Therefore, plaintiff has failed to satisfy the standard for this court's intervention in the ongoing state criminal proceeding and his claims for injunctive relief are due to be dismissed. *See Hicks*, 422 U.S. at 348-50.

Furthermore, plaintiff's claims for monetary damages for mental anguish he suffered as a result of defendants' alleged conduct is prohibited by 42 U.S.C. § 1997e(e). Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As the Eleventh Circuit has explained: "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). The Eleventh Circuit has decided that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532. This § 1983 action brought by plaintiff is a "Federal civil

action" under this definition.  Further, it is undisputed that plaintiff filed his complaint while imprisoned.  Plaintiff's complaint alleges only "pain and suffering," i.e., mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e).  Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, plaintiff is prohibited under the PLRA from bringing his damages claims while imprisoned unless he alleges physical injury.[1]  Further, he must allege more than a *de minimis* physical injury.  *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*, 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury).  In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct.  Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.

---

[1]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here.  *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages).  Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages.  *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

**Because the facts of the complaint as pleaded do not state a claim to § 1983 relief that is plausible on its face, this action should be dismissed.**

**Accordingly it is respectfully RECOMMENDED:**

**That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida this 31st day of January, 2008.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**